DANIEL GODDARD & others, Trustees, *vs.* MAYOR AND ALDER-
MEN OF THE CITY OF WORCESTER.

The mayor and aldermen of a city, upon a petition for the assessment of damages by the raising of a street in front of the petitioner's house, accepted the report of a committee recommending that no damages should be allowed to the petitioner, but that the street should be lowered in front of the land, " so that said house shall stand relatively to the street as it did before the alteration now complained of, providing any action in the case is necessary."   Three months afterwards, the mayor and aldermen, upon a request of the petitioner to act on his petition, voted to meet at the premises to view them, but took no further action in the matter.   *Held,* that the acceptance of the report was a judgment against the petitioner's claim for damages; and that this judgment was not waived or modified by the subsequent action of the board.

PETITION presented by the Trustees of the Pleasant Street Baptist Meeting-house on the 11th of October 1853 for a man-

damus to the mayor and aldermen of Worcester. Hearing before *Bigelow*, J., who reported this case to the full court:

On the 9th of December 1850 the petitioners presented a petition to the respondents for the assessment of damages sustained in altering the grade of Pleasant Street, by raising and filling up the same about two feet in front of their premises. On the 21st of January 1851 the respondents accepted a report of their committee on highways, to which the case had been referred, which stated that " the committee would not recommend that damages be appraised and allowed the said trustees, but that the committee on highways be directed to lower the street in front of said meeting-house so that said house shall stand relatively to the street as it did before the alteration was made that is now complained of; providing any action in the case is necessary." On the 13th of October 1851 the petitioners in writing requested the respondents to act on their petition, and the respondents voted to meet at the meeting-house on a certain day and hour to view the premises; but they did not meet on the premises at the time appointed, and there was no record of any further action by them in the matter. On the 23d of August 1852 the respondents ordered " that the height, width and grade of the sidewalks in Pleasant Street be established as they are now indicated by the existing curbstones, so far as those curbstones have been set by the authority of the city." The petitioners had no notice of this order, and objected to the curbstones being placed where they were set.

*E. B. Stoddard*, for the petitioners.

*C. Devens, Jr. & G. F. Hoar*, for the respondents.

BIGELOW, J.* The action of the mayor and aldermen of the 21st of January 1851, accepting the report of a committee of their number, in which they refuse to recommend that "damage be appraised and allowed the said trustees," was equivalent to a refusal to assess any damages on the petition. It was a judgment against the petitioners' claim for damages, which would have authorized an application for a jury according to

---

* THOMAS, J. did not sit in this case.

the provisions of law. Nor was this refusal waived or modified by the subsequent action of the board in October 1853. The previous vote was not reconsidered, the grade of the road was not changed, and no action was taken which in any degree altered the previous refusal of the board to give the petitioners any damages. *Monagle* v. *County Commissioners*, 8 Cush. 362. *Smith* v. *Mayor & Aldermen of Boston*, 1 Gray, 72.

*Petition dismissed.*